ABRAHAM V. VAN FLEET AND JOHN T. BIRD, ESQS.,
VICE-CHANCELLORS.

———

CATHARINE B. LONG

*v.*

REGINA KINKEL et al.

A mortgage on lands was duly executed and acknowledged by the defendant and also by her daughter and son-in-law, and the latter delivered it to the complainant. The premises had, shortly before the mortgage was given, been conveyed to the defendant by the son-in-law, who represented that he still retained some interest in the lands, and who was authorized by the defendant to negotiate and obtain the loan secured by the mortgage. The money was paid

by the complainant to the son-in-law when the mortgage was delivered.—*Held,* on foreclosure, that his failure to pay over the money to the defendant was no defence, and that the defendant's answer under oath, alleging that the mortgage was not delivered, was not of itself enough to overcome the presumption of delivery arising from the mortgagee's possession of the mortgage, duly executed and acknowledged.

Bill to foreclose.   On final hearing on pleadings and proofs.

*Mr. S. H. White,* for complainant.

*Mr. A. A. Van Hovenberg,* for defendant Kinkel.

THE CHANCELLOR.

The mortgage in suit was executed by Mrs. Kinkel, who held the legal title to the mortgaged premises, and by her daughter and the latter's husband, William Killian.   It is for $2,350, and is dated October 20th, 1875.   The defence is that although the complainant agreed to lend Mrs. Kinkel the money, and the mortgage was executed as security for the loan, yet the complainant fraudulently obtained possession of the mortgage (which the answer alleges was never delivered to her, without paying the money to Mrs. Kinkel, or giving her any consideration therefor. Killian and his wife applied to the complainant's attorney for the loan which the mortgage was given to secure.   Killian represented to the attorney either that he owned or had some interest in the property.   He had had the title to it and conveyed it to Mrs. Kinkel.   The fact that at the time of the negotiation of the loan the title was in Mrs. Kinkel appeared by the record. The attorney therefore drew the mortgage to be signed by all three, Mrs. Kinkel, and Killian, and his wife, and it was signed and acknowledged accordingly.   Mrs. Kinkel, according to her own testimony, requested Killian to get a loan for her on mortgage of the property, and he got it accordingly from the complainant.   The contents of the mortgage were made known to her when she executed the papers.   Killian, with her knowledge and consent, took the papers immediately after they were executed, to deliver them and get the money for them, and received

the money from the complainant's attorney, to whom he delivered them.    The mortgage was recorded November 4th, 1875.    Subsequently, in June, 1876, Mrs. Kinkel gave another mortgage for $1,000 on the property to Adam Scherer.    She insists that her before-mentioned averments in her answer (which, in pursuance of the requirement of the bill, is on oath) have not been overcome by the evidence in the cause on the part of the complainant.    In *Commercial Bank* v. *Reckless, 1 Hal. Ch. 650,* it was held that the possession by the mortgagee of the mortgage, duly executed and acknowledged, affords such cogent presumptive proof of delivery as cannot be overcome by the naked answer of the mortgagor.    In this case it appears very clearly that the loan was negotiated for Mrs. Kinkel by Killian at her request, that she executed the bond and mortgage to the complainant with full knowledge of their contents, and for the purpose of enabling Killian to obtain the money for her on the security thereof, and gave them into his hands and authorized him to deliver them, and that she knew he got the money upon them, for she says in her testimony that she became (and still is) angry with him and his wife because they had not paid the money over to her.    The fact that the money was not paid over to her by Killian, her agent, cannot avail her as a defence in this suit.    *Westervelt* v. *Scott, 3 Stock. 80 ; Andrews* v. *Torrey, 1 McCart. 355.*    There will be a decree in favor of the complainant.